## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE  DIVISION

**BRIAN M CASEY,**
**DOC # 139647,**

> **Plaintiff,**

**vs.**                                          **Case No. 4:22cv270-AW-MAF**

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, and**
**CENTURION OF FLORIDA LLC,**

> **Defendants.**
> **_____/**

### REPORT AND RECOMMENDATION

Plaintiff Brian Casey is an inmate in the custody of the Florida

Department of Corrections, proceeding pro se in this civil rights action.

Plaintiff has filed an amended complaint, ECF No. 13, and a motion for

preliminary injunction, ECF No. 14.  Both pleadings were reviewed, and in

a separate Order entered this day, Plaintiff has been required to submit a

second amended complaint no later than **September 23, 2022**.  This

Report and Recommendation concerns only Plaintiff's motion for a

preliminary injunction, ECF No. 14.

In general, Plaintiff alleged in the amended complaint that he is denied medical care pursuant to a policy created by the Florida Department of Corrections.  It is, presumably, an unwritten policy.  ECF No. 13.  Plaintiff claims in his motion that he was told of this policy by several medical providers who "explained they were prohibited" from giving him any medical treatment "as a matter of F.D.O.C. policy."  ECF No. 14 at 1. Plaintiff says he is not receiving medical care and will "lose his vision if he does not receive the relief he seeks."  *Id.* at 4.  Plaintiff also alleges in his motion that foreign things such as "deer scent, pesticides, rodent feces, saliva, and bugs" are placed in his food by officers.  *Id.* at 1-2.  Further, he contends that F.D.O.C. employees tamper with his legal mail.  *Id.* at 3.

As relief, Plaintiff seeks an Order removing him from the custody of Warden Allen at Wakulla C.I.  ECF No. 4 at 4-5.  Plaintiff wants "placement in an alternate prison protective management unit."  *Id.* at 4-5.  He contends that he needs such protection because "security threat group Latin Kings" intend to murder him.  *Id.* at 4.  He also wants issuance of an order that will "prohibit the destruction of legal documents and legal mail, prohibiting the opining of incoming or outgoing mail outside of the presence

of Plaintiff, [and an] order prohibiting the confiscation of legal property without penological justification . . . ." *Id.* at 5.

First, this case challenges Plaintiff's medical care. To the degree Plaintiff requests injunctive relief which is unrelated to the claim raised in the amended complaint, those requests should not be addressed. A motion for a preliminary injunction must necessarily be related to the claims raised in the complaint.

Second, Plaintiff seeks an Order that will direct his transfer away from his current prison facility where Defendant Allen is the warden. *See* ECF No. 13 (the amended complaint). In the Order entered today, Plaintiff was advised that his claim against Defendant Allen was insufficient because Plaintiff sued the Warden in his official capacity, ECF No. 13 at 13, but Plaintiff alleged that the challenged policy to not provide him medical care was created by the Florida Department of Corrections. Plaintiff provided no other factual allegations which demonstrate a basis to sue the Warden. There is no basis to transfer Plaintiff away from Defendant Allen.

Moreover, granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing

United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary

injunctive relief may be granted only if the moving party establishes:

>      (1) a substantial likelihood of success on the merits;
>
>      (2) a substantial threat of irreparable injury unless the injunction
>      issues;
>
>      (3) the threatened injury to the movant outweighs whatever
>      harm the proposed injunction may cause the opposing party;
>      and
>
>      (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon

Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720

F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an

extraordinary and drastic remedy and should not be granted unless the

movant "clearly carries the burden of persuasion" of all four prerequisites,

which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176

(11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v.

Callaway, 489 F.2d 567 (5th Cir. 1974)).

Because Plaintiff's amended complaint has been found insufficient to

properly state a claim and Plaintiff has been required to submit an

amended complaint, Plaintiff has correspondingly failed to meet the

prerequisites for injunctive relief.  Therefore, the instant motion must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Another reason the motion should be denied is because "[i]rreparable injury 'is the *sine qua non* of injunctive relief.'"  Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012).  Plaintiff has requested monetary damages as relief should he be successful in this case.  The amended complaint seeks compensatory damages of "10 million dollars" and "100 million dollars" in punitive damages from the Defendants.  ECF No. 13 at 18.  Thus, Plaintiff has demonstrated that he has an adequate remedy at law should he ultimately prevail.  The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury.  Jefferson Cnty., 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm").  Thus, failing to issue an injunction in this case would not constitute a substantial threat of "irreparable injury" and Plaintiff's motion should be denied.

Case No. 4:22cv270-AW-MAF

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's motion for a preliminary injunction, ECF No. 14, be **DENIED** and

this case be **REMANDED** for further proceedings..

IN CHAMBERS at Tallahassee, Florida, on August 22, 2022.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**