# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BRIAN M CASEY,**
**DOC # 139647,**

    Plaintiff,

vs.　　　　　　　　　　　　　　　　Case No. 4:22cv270-AW-MAF

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, and**
**CENTURION OF FLORIDA LLC,**

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff Brian Casey is an inmate in the custody of the Florida Department of Corrections, proceeding pro se in this civil rights action. In mid-August 2022, Plaintiff filed a first amended complaint, ECF No. 13, and a motion for preliminary injunction, ECF No. 14. On August 22, 2022, a Report and Recommendation was entered on that motion. ECF No. 16. Although Plaintiff has already filed an objection, ECF No. 17, he has also filed a "supplemental motion for preliminary injunction." ECF No. 20. He

simultaneously filed a first motion for sanctions, ECF No. 21, as well. Both pleadings have been reviewed.[1]

First, the motion for sanctions asserts that "Defendant's actors" took Plaintiff's copy of a motion and altered it. ECF No. 21. They allegedly did so to prevent Plaintiff from litigating this case. *Id.* A "Defendant Allen" then allegedly told Plaintiff he "could not file complaints, grievances or pleadings in this case without retaliation." *Id.*

Notably, the only Defendant named in Plaintiff's recently submitted second amended complaint is the Florida Department of Corrections. ECF No. 18. There is no Defendant Allen named. Furthermore, an allegation of actions by "Defendant's actors" is too vague to be provided relief and lacks an insufficient basis. Moreover, sanctions are appropriate for discovery failures, but not for verbal threats and harassment. The motion for sanctions should be denied.

---

[1] Plaintiff is advised that his practice of filing documents using tiny print should not continue. The Local Rules of this Court require all documents filed to be "double spaced with at least 14-point font and at least one-inch margins on the top, bottom, left, and right of each page. Pages must be numbered. Handwritten documents must be legible with adequate spacing between lines." N.D. Fla. Loc. R. 5.1(C). Although Plaintiff's documents are not type-written, he can make his printing larger and more legible. There should be no more than twelve words on a line, and no more than 20 lines on a page.

Second, the "supplemental motion for preliminary injunction" essentially presents the same facts and is successive to the motion for sanctions. Plaintiff claims his copy of the motion for preliminary injunction was removed from his property, altered, and returned. ECF No. 20 at 1. He further claims he cannot file grievances because officers remove them from the locked grievance box "and destroy them." *Id.* He contends "Defendant P. Allen" has threatened him and Plaintiff argues that he cannot proceed in this case and he "cannot access the Court since 2015." *Id.* Plaintiff seeks a "transfer to an alternate prison system or federal system." *Id.* at 1-2.

"P. Allen" is not a Defendant in this case and Plaintiff has not presented irreparable harm by the allegations made. Further, filing two motions on the same day is abusive. Plaintiff's actions interfere with the orderly administration of justice in this case and in other cases. The same arguments must not be filed in multiple motions.

Plaintiff's argument that he has not been able to "access the Court since 2015" is also not well taken. Since April 2017, Plaintiff has filed these cases (in addition to this case) in this Court alone:

| Case #: | Case Name: | Date Filed: |
|---|---|---|
| 4:17cv160-MW-CAS | Casey v. Bondi, et al | 04/04/17 |
| 4:19cv229-WS-HTC | Casey v. United States of America | 05/20/19 |
| 4:19cv490-MW-CAS | Casey v. Inch, et al | 10/04/19 |
| 4:19cv491-AW-MJF | Casey v. Centurion of Florida | 10/07/19 |
| 4:21cv463-WS-MAF | Casey v. Florida D.O.C. | 11/12/21 |
| 4:21cv495-WS-MJF | Casey v. Centurion of Florida, et al | 12/13/21 |
| 4:21cv96-MW-MAF | Casey v. Florida D.O.C., et al | 12/13/21 |
| 4:22cv09-MW-MAF | Casey v. Florida D.O.C., et al | 01/07/22 |
| 4:22cv69-MW-MAF | Casey v. Dixon, et al | 02/16/22 |
| 4:22cv121-WS-MJF | Casey v. Florida State D.O.C., et al | 03/21/22 |

Thus, Plaintiff has not been denied access to Court.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Plaintiff's motion asserts that one page of a pleading was removed and altered and returned to Plaintiff. That does not demonstrate substantial harm or injury to Plaintiff, much less irreparable injury. If Plaintiff needs a copy of the first page of his motion as he filed it with this Court, he may receive it from this Court. However, altering a date stamp in this situation is not significant. Further, if Plaintiff needs additional time to

Case No. 4:22cv270-AW-MAF

submit a pleading, he may file a motion for an extension of time. Plaintiff's lengthy litigation history suggests that Plaintiff is well aware of the leniency shown to pro se litigants. That leniency should not be abused.

In addition, Plaintiff's amended complaint was reviewed and found insufficient to properly state a claim. Plaintiff has been required to submit a third amended complaint. *See* ECF No. 19. Therefore, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief. Therefore, the instant motion must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's supplemental motion for a preliminary injunction, ECF No. 20, be **DENIED**, that the first motion for sanctions, ECF No. 21, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 13, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:22cv270-AW-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:22cv270-AW-MAF