# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BRIAN M CASEY,**
**DOC # 139647,**

    **Plaintiff,**

vs.                             Case No. 4:22cv270-AW-MAF

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, and**
**CENTURION OF FLORIDA LLC,**

    **Defendants.**
_____/

## THIRD REPORT AND RECOMMENDATION

Plaintiff Brian Casey is an inmate in the custody of the Florida Department of Corrections. He is proceeding pro se in this civil rights action and, by his own admission, is a "three striker" under 28 U.S.C. § 1915(g). While reviewing this case it was noted that Plaintiff's second motion for a preliminary injunction, ECF No. 27, is still pending. The motion was filed on September 27, 2022.

Notably, Plaintiff's first motion for preliminary injunction, ECF No. 14, was denied in December 2022. ECF Nos. 16, 35. Plaintiff's supplemental

motion for a preliminary injunction, ECF No. 20, was denied at the same time. ECF Nos. 22, 35. Two more recent motions for a preliminary injunction, ECF Nos. 39 and 50, were denied by Order of the undersigned because they were not appropriately filed in this case and did not concern the actions of the named Defendants. ECF Nos. 43 and 52. Plaintiff has not successfully presented a motion for a preliminary injunction, and this motion fares no better.

Procedurally, the pending motion for a preliminary injunction, ECF No. 27 was filed just two weeks before Plaintiff was required to file a fourth amended complaint. The Order, ECF No. 28, explained why Plaintiff's third amended complaint, ECF No. 24, was insufficient to proceed. *Id.* Plaintiff's fourth amended complaint, ECF No. 31, was filed on October 31, 2022, without objection. It is that pleading which was recently served on the Defendants. *See* ECF Nos. 56, 61-64. In response, Defendants have filed a motion to vacate the Order granting Plaintiff in forma pauperis status, ECF No. 63, and a motion for sanctions against Plaintiff under Rule 11, ECF No. 64. Those motions are pending and Plaintiff has been given time to file responses. ECF No. 67. This Third Report and Recommendation

concerns only Plaintiff's second motion for a preliminary injunction, ECF No. 27.

Plaintiff's motion makes a conclusory assertion that Defendants have attempted to hinder this litigation. ECF No. 27 at 1. They did so, allegedly, by scheduling Plaintiff for a medical assessment on September 22, 2022, but they did not provide him treatment. *Id.* Plaintiff claimed the "appointment was arranged only to prevent Plaintiff from mailing [his] objections" to the Second Report and Recommendation. *Id.* He further claimed Defendants arranged "for him to be assaulted on September 23, 202, by inmates in dorm M2." *Id.* at 2. Plaintiff said that Sergeant Spear was "providing information" and ordering inmates to "attack Plaintiff to stop litigation in this case." *Id.* Further, Plaintiff claimed Defendant Burger was "scheduling medical appointments solely to harass but not treat Plaintiff in a scheme to harm Plaintiff and delay these proceedings." *Id.* Plaintiff requested an "immediate order for Defendant to provide protection management procedures" and to facilitate his "immediate removal" from Wakulla Correctional Institution. *Id.* He also seeks an "immediate medical appointment with a physician for assessment of serious medical disabilities." *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Case No. 4:22cv270-AW-MAF

Plaintiff's third amended complaint, ECF No. 24, was the operative pleading at the time Plaintiff submitted this motion. Plaintiff was required to file a fourth amended complaint, *see* ECF No. 28, because the third amended complaint was insufficient. Because Plaintiff's third amended complaint was insufficient to properly state a claim, Plaintiff failed to meet the prerequisites for injunctive relief; that is, Plaintiff did not demonstrate a substantial likelihood of success on the merits. In light thereof, the instant motion should be denied.

Furthermore, it is nonsensical to claim on the one hand, that a medical assessment was scheduled solely to harass Plaintiff and yet contend, on the other hand, that Plaintiff needs this Court to schedule a medical assessment. Plaintiff was provided that which he sought just a few days earlier.[1]

Moreover, no specific facts were alleged to show that Defendant Burger, a Nurse Practitioner, schedules medical appointments. The assertions concerning Defendant's interference and intentions are unsupported.

---

[1] Plaintiff's motion was filed on September 27, 2022, and he claimed that an assessment was undertaken on September 22nd. ECF No. 27 at 1.

Case No. 4:22cv270-AW-MAF

Additionally, a motion for a preliminary injunction must necessarily be related to the claims raised in the complaint. This case challenges Plaintiff's medical care. To the degree Plaintiff requests injunctive relief which concerns "protective management procedures" and transfer to another institution, those requests should not be addressed because they are separate from Plaintiff's claims concerning a lack of medical care.

Finally, Plaintiff's motion seeks an appointment for a medical assessment, which he admittedly just had. Plaintiff's motion lacks any facts which demonstrate that he faces a substantial threat of irreparable injury unless the injunction were issued. Indeed, Plaintiff's motion fails to describe any medical condition, symptoms, or ailments that are not being treated and require immediate care. The motion should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second motion for a preliminary injunction, ECF No. 27, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:22cv270-AW-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.